RENDERED: OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0675-WC

MIKE FRENCH                                                APPELLANT


|  | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NOS. WC-20-1801364 AND WC-20-1880963 |


REAGENT CHEMICAL &
RESEARCH; HONORABLE CHRIS
DAVIS, ADMINISTRATIVE LAW
JUDGE; DANIEL CAMERON,
ATTORNEY GENERAL OF
KENTUCKY; AND WORKERS'
COMPENSATION BOARD                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Mike French petitions for review of a Workers'

Compensation Board opinion affirming the decision of an administrative law judge

(ALJ).  He argues that the ALJ erred in applying KRS[1] 342.730(4)–as amended effective July 14, 2018–to govern termination of his benefits for a work-related injury sustained on May 15, 2018.  He further argues that such retroactive application of this now-current version of KRS 342.730(4) is unconstitutional.  We disagree and affirm.

French was sixty-seven (67) years old when he was exposed to acid at work on May 15, 2018.  As a result of the acid exposure, he has suffered from lung problems.  The ALJ found him to be permanently totally disabled and ultimately determined that his permanent total disability (PTD) benefits would terminate on May 15, 2022.  The termination date was apparently based on the current version of KRS 342.730(4) which became effective July 14, 2018 and provides:  "All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs."

French appealed to the Workers' Compensation Board, arguing that the ALJ erred in retroactively applying the July 14, 2018 version of KRS 342.730(4) to the award of PTD benefits for his May 15, 2018 injury.  He also argued that such retroactive application is unconstitutional.  But the Board determined that the ALJ's decision was consistent with *Holcim v. Swinford*, 581

---

[1] Kentucky Revised Statutes.

S.W.3d 37 (Ky. 2019). And the Board noted its lack of authority to rule on constitutional issues.

In his petition for review to this Court, French again claims error in the retroactive application of the version of KRS 342.730(4) which became effective July 14, 2018 (hereinafter "amended KRS 342.730(4)"). He again claims such retroactive application is unconstitutional. Specifically, he contends that it violates the Contracts Clauses of the United States and Kentucky Constitutions[2] and Section 2 of the Kentucky Constitution prohibiting exercise of arbitrary power.

Since pending cases in the Kentucky Supreme Court posed similar questions about the constitutionality of retroactively applying amended KRS 342.730(4), we entered an Order placing this appeal in abeyance in January 2021. Now that the Supreme Court has issued final opinions rejecting similar constitutional challenges, this case is taken out of abeyance by separate Order entered herein.

Despite French's arguments for overturning the Board's opinion, we do not perceive that the Board has overlooked or misconstrued controlling statutes or precedent. Thus, we must affirm under the appropriate standard of review. *See Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). ("The function of further review of the [Board] in the Court of Appeals is to correct the

---

[2] *See* U.S. CONST. art. I, § 10, cl. 1; KY. CONST. §19.

-3-

Board only where the the [sic] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."). Furthermore, recent Kentucky Supreme Court opinions have rejected the constitutional arguments against retroactive application of amended KRS 342.730(4) raised by French.

We note that French has not alleged any errors in assessing the evidence. And after careful review of applicable legal authority, we conclude that he cannot prevail on his assertions of constitutional and other errors about retroactive application of amended KRS 342.730(4) under the facts here.

**Amended KRS 342.730(4) Applies Retroactively to French's Claim**

In *Holcim v. Swinford*, the Kentucky Supreme Court held that amended KRS 342.730(4) applied retroactively in specified situations, 581 S.W.3d at 44, based on a Legislative Research Commission (LRC) note following the official version of the statute which the Court quoted:

> Subsection (3) of Section 20 of that Act reads, "Subsection (4) of Section 13 of this Act shall apply prospectively and retroactively to all claims: (a) For which the date of injury or date of last exposure occurred on or after December 12, 1996; and (b) That have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act."

581 S.W.3d at 43. Although Subsection 3 of Section 20 of the Act was not formally codified, the Kentucky Supreme Court determined it did not have to be

codified since it was a temporary measure. The Court determined that the legislature had declared its intent for amended KRS 342.730(4) to apply retroactively as provided in the LRC note. *Id.* at 44.

Whether or not we agree with the Kentucky Supreme Court's opinion in *Holcim*, it is binding authority and we must follow it under SCR[3] 1.030(8)(a). Thus, we cannot disturb its construing amended KRS 342.730(4) to apply retroactively based on the LRC note.

Furthermore, the Kentucky Supreme Court has recently issued opinions indicating its continued adherence to *Holcim*'s holding that amended KRS 342.730(4) applies retroactively to all pending appeals regarding injuries occurring after 1996. *See Dowell v. Matthews Contracting*, 627 S.W.3d 890, 898 (Ky. 2021) ("we reiterate our holding in *Holcim* that the legislature intended for the new amendment to apply to all pending appeals with injury dates occurring after December 1996."). *See also Cates v. Kroger*, 627 S.W.3d 864, 873, 2021 (Ky. 2021) (footnote omitted) ("By the time the Court of Appeals addressed this case, the 2018 version was effective, and we had ruled in *Holcim* that the amendment applied to all pending appeals. As a result, the Court of Appeals appropriately applied the 2018 version of the statute to Cates's claim.").

---

[3] Rules of Kentucky Supreme Court.

French raises no factual matters about why KRS 342.730(4) would not apply retroactively based on the aforementioned LRC note–for example, his injury undisputedly occurred after 1996 and his case had not been fully and finally adjudicated prior to July 14, 2018.

While the Kentucky Supreme Court construed amended KRS 342.730(4) to apply retroactively in *Holcim*, it did not reach arguments about the constitutionality of such retroactive application because the issue of constitutionality was not properly before it for reasons including failure to timely notify the Attorney General. 581 S.W.3d at 44 (citing KRS 418.075).

French has notified the Attorney General and has clearly challenged the constitutionality of retroactively applying amended KRS 342.730(4) in this Court as well as before the Board and the ALJ. Thus, there is no impediment to our reaching his constitutional challenge. But unfortunately for French, the Kentucky Supreme Court has recently rejected the same sort of constitutional arguments against retroactive application of amended KRS 342.730(4) as he raises in this appeal and we are bound by its precedent. SCR 1.030(8)(a).

### The Kentucky Supreme Court has Rejected Contracts Clause Challenges to Retroactive Application of Amended KRS 342.730(4)

French notes that he did not expressly opt out of workers' compensation and thereby waived his jural rights to sue his employer for injury due to negligence. So, he argues that he and his employer entered into a contract

regarding his rights to workers' compensation benefits. He further contends that his rights to workers' compensation benefits vested on the date of his injury. So, he claims that retroactively applying amended 342.730(4) to his claim violates the Contracts Clauses of the Kentucky and federal Constitutions.

Contrary to these arguments, however, the Kentucky Supreme Court recently held that no contract forms between employers and employees regarding workers' compensation benefits–even though an employee has the choice of opting out of the Workers' Compensation system. *Dowell*, 627 S.W.3d at 894-95. Thus, the Kentucky Supreme Court has held that a Contracts Clause claim cannot arise from a retroactive application of amendments to workers' compensation statutes:

> The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract on [sic] between employers and their employees. Changes to the relevant statutes, therefore, do not create a Contracts Clause issue. While changes to statutes may result in other constitutional issues, such as a violation of due process or constitute special legislation, a Contracts Clause issue is impossible in this matter because there is simply no contract or contractual right for the statutory amendment to impair.

*Id.* at 896. (footnote omitted).

Furthermore, the Kentucky Supreme Court also clarified that while a claimant's rights to receive **some** workers' compensation benefits is vested as of the date of injury, rights concerning the duration and amount of benefits do not become vested until the date of a final decision on his/her claim. *Id.* at 897; *Cates*,

627 S.W.3d at 874. So, French's right to a particular amount and duration of workers' compensation benefits did not become vested on the date of injury. In short, in light of recent Kentucky Supreme Court precedent, French cannot prevail on his Contracts Clause challenge to retroactive application of amended KRS 342.730(4).

### Kentucky Supreme Court has Rejected Arguments that Retroactive Application of KRS 342.730(4) is an Arbitrary Exercise of Power

French argues that retroactively applying amended KRS 342.730(4)–after he has waived his jural rights by accepting application of the Workers' Compensation Act–violates the prohibition against the arbitrary exercise of power in Section 2 of the Kentucky Constitution. Unfortunately for French, however, the Kentucky Supreme Court has rejected similar arguments that this statute's retroactive application is an arbitrary exercise of power. *See Cates*, 627 S.W.3d at 871 ("We find here no arbitrary exercise of legislative authority in the retroactive application of the amendment" to KRS 342.730(4)).

We recognize that the challenge to retroactive application in *Cates* on arbitrary exercise of power grounds was framed somewhat differently–as an argument about creating an arbitrary way to classify claimants. *See id.* at 871. Nonetheless, the Kentucky Supreme Court has rejected arguments that retroactive application of amended KRS 342.730(4) impermissibly affects vested rights or violates the Contracts Clause as we previously discussed. And the Kentucky

Supreme Court has recognized that amended KRS 342.730(4)'s retroactive application may further legitimate state interests–namely, to prevent the duplication of benefits and to promote "the solvency of the workers' compensation system[.]" *Id.* at 870. The Kentucky Supreme Court also noted in *Dowell* that employees have the choice of opting in or out of the workers' compensation, 627 S.W.3d at 896, despite ultimately rejecting constitutional challenges to retroactive application of amended KRS 342.730(4).

To our knowledge, the Kentucky Supreme Court has not explicitly noted in a published case that an employee must give up their right to sue the employer for negligence causing injuries to accept workers' compensation benefits when rejecting constitutional challenges to amended KRS 342.730(4)'s retroactive application. But we construe its recent opinions as nonetheless rejecting French's arguments of an arbitrary exercise of power.

Surely the Kentucky Supreme Court is well aware that a worker must waive the right to sue the employer for negligence causing injuries in order to accept workers' compensation benefits. *See generally* KRS 342.690(1) ("If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee[.]"); KRS 342.395 (employee deemed to accept workers' compensation provisions as only source of employer's

liability unless the employee has given employer written notice of intent to opt out prior to the injury or occupational disease occurring). Yet the Kentucky Supreme Court has rejected constitutional challenges to retroactive application of amended KRS 342.730(4) on the basis of alleged arbitrariness as well as Contracts Clause arguments. So, we cannot disturb the Board's opinion affirming retroactive application of amended KRS 342.730(4).

We decline to discuss other sub-arguments in the parties' briefs as unnecessary to resolve the present petition for review. Given recent Kentucky Supreme Court precedent, the opinion of the Board must be affirmed.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Board's opinion.

GOODWINE, JUDGE, CONCURS.

LAMBERT, JUDGE, CONCURS AND FILES SEPARATE OPINION.

LAMBERT, JUDGE, CONCURRING: While I am not entirely comfortable with the holding in the above-styled case, I must vote to concur with the presiding Judge's opinion, because we – as the Kentucky Court of Appeals – are obligated to follow the direction of our Supreme Court.

BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Wayne C. Daub                 Carl M. Brashear
Louisville, Kentucky          Lexington, Kentucky